AYRES, Judge.
This is an action for workmen’s compensation wherein plaintiff seeks to recover of his employer’s insurer benefits provided by statute for total and permanent disability. A defense is that plaintiff was paid compensation for the duration of his disability; that he is no longer disabled and is fully able to perform and is actually and has been performing the duties of his employment as a common laborer since the discontinuance of the payment of compensation. After trial, plaintiff’s demands were rejected and he appealed.
Plaintiff, 58 years of age, was injured May 26, 1963, while performing the duties of his employment as a common laborer with Wellman’s Funeral Home, Inc. His principal duties included the digging of graves, the loading and unloading of caskets and vaults, and their transportation to and from the employer’s warehouse and to *775 cemeteries. On the occasion when he sustained accidental injuries, a vault fell from a truck and struck him on the hack of his head, neck, and right shoulder. He was hospitalized for a period of approximately six weeks, during which time he underwent surgery to his cervical spine by Dr. E. C. Simonton, an orthopedic surgeon of Shreveport. Plaintiff was off from work until February, 1964.
The issues are factual in character. No question is presented as to the occurrence of an accident nor as to plaintiff’s rate of pay. Concerned are plaintiff’s contentions with respect to a continuance of his disability after payment of compensation had been discontinued. He assigns as error the action of the court in finding that he continued with the same work for his employer for more than two years without complaint of pain or discomfort, and in overlooking the fact that he sustained a loss of the use of his arm and shoulder and 20% of his body as a whole. Complaints are also directed to an alleged failure to give proper weight to the testimony and to apply rules well established in the jurisprudence to these facts. Finally, it is contended that defendant admitted, through stipulation, that plaintiff is entitled to 100 weeks’ compensation at $10.00 per week for the loss of a physical function.
Plaintiff was first seen by Dr. E. C. Si-monton May 26, 1963, the date of plaintiff’s injury. X-rays revealed anterior displacement of the fifth cervical vertebra on the sixth vertebra with a narrowing of the interspace between them. Osteoarthritic changes were noted in the cervical spine. During the period of his hospitalization plaintiff was seen by Dr. Simonton daily. As first improvement was noted, he was fitted with a neck support. Improvement was not maintained and recurrent radiating pain developed in the right forearm. Plaintiff underwent surgery June 12, 1963, which disclosed a dislocation of the right apophyseal joint at the fifth cervical level. A portion of the superior facet of the sixth cervical vertebra was fractured, which prevented a stable reduction of the joint. However, a fusion was effected after which plaintiff was kept in cervical traction for several days. A brace was then applied. Plaintiff was released from the hospital June 25, 1963, but returned to the doctor’s office for follow-up examinations on subsequent occasions. He was discharged and released to return to work November 6, 1963. Follow-up examinations were made November 22, 1963; January 3 and February 12, 1964.
On January 3, 1964, plaintiff reported he had returned to work at his previous occupation and that, although he had suffered some neck pain, his discomfort had gradually improved. Noted at the time was some restriction, yet there was a fairly good range of motion without appreciable pain. On February 12, 1964, examination revealed a restriction of rotation of the head to the right 20 degrees and to the left 10 degrees. The cervical region was noted free of muscle spasm. Though a 15% disability was said to have been sustained by plaintiff to his body as a whole, due to numbness in the right forearm and hand and the presence of atrophy in the forearm, sequela from the injury, plaintiff was advised to and did continue with his employment.
Dr. Heinz K. Faludi, a neurosurgeon, examined plaintiff December 28, 1966, and found that he had a stable cervical spine at that time, though a slight weakness in his arm, with a normal grip in both hands. Continuance with plaintiff’s work was advised with caution against extremely heavy lifting or violent shoulder motions. Because of the slight weakness in his arm, it was felt that plaintiff would have a partial, permanent disability of his body as a whole, calculated at about 20%, in view of a finding of some difficulty in performing extreme types of motions relating to the shoulder and neck.
Plaintiff, after continuing with his employment for a period of two years following the accident, took other employment because of a higher rate of pay. Perform- *776 anee of hard manual labor such as he was doing at the time of his accidental injuries was continued until the date of trial without complaint of pain to his employers or superiors. Complaints were apparently confined to a stepson, a fellow employee who assisted him in the digging of graves, a two-man job, and to members of his family.
The rule is so well established as to make the citation of authority unnecessary that a plaintiff in a compensation case, as in any other civil suit, must establish his claim by a reasonable preponderance of evidence, and that the findings of fact of a trial court should not be reversed in the absence of some real substantial basis warranting such action.
However, in view of the stipulation with reference to the loss by plaintiff of a percentage of the use of his body as a whole, treated as a loss of a physical function, as well as the effects of the fusion of the vertebrae and the restriction of the movement of the head, recovery by plaintiff for such loss is deemed proper. Though plaintiff’s rate of compensation was $22.75 per week and the loss of a physical function was said to be 15-20% of the body as a whole, in view of the fact that plaintiff continued with his work or similar work at the same or even greater rate of pay, the sum of $15.00 per week for the loss of a physical function, in our opinion, suffices. An identical award was made in Dronet v. American Mut. Liability Ins. Co., 69 So.2d 114 (La.App., 1st Cir. 1953), where the employee suffered similar disabilities.
The judgment appealed is therefore annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed there be judgment herein in favor of the plaintiff, Alphonzie Young, against the defendant, Insurance Company of North America, for the full sum and weekly compensation of $15.00 for 100 weeks beginning June 2, 1963, with legal interest on each installment from its maturity until paid, less compensation previously paid in the sum of $864.50, and for all costs including the cost of the appeal.
Reversed and rendered.